# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JAMES C. JONES                                              PLAINTIFF

v.                                                          No. 4:10CV137-A-S

CHRISTOPHER EPPS, ET AL.                               DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of James C. Jones, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The court dismissed this case because the plaintiff failed to provide the court with his inmate account information for a determination of his status as a pauper. The plaintiff has since provided the information and seeks reinstatement of his case. The court will grant the plaintiff's motion and reinstate this case; however, for the reasons set forth below, the instant case will be dismissed on the merits for failure to state a claim upon which relief could be granted.

## Factual Allegations

Jones challenges his mental health classification as determined by Mississippi Department of Corrections mental health professionals.[1] He was placed in "Class C" status, but

---

[1] The court has had difficulty in identifying the plaintiff's allegations and causes of action, as the complaint consists of 130 pages of nearly indecipherable stream-of-consciousness rambling. The Circuit Court of Lauderdale County described Jones' writing thus:

> Since the initial Motion, the Petitioner has filed several documents purportedly seeking some type of relief, but what relief he is requesting remains unclear from the documents filed. The Petitioner's pleadings are incoherent at best and the Court is unable to discern what, if any, cause of action the Petitioner is attempting to raise or what relief he is seeking.

*See* page 99 of 130 of Jones' complaint (Judgment Dismissing Motion for Judicial Review). This court has had the same difficulty as the state court in interpreting Jones' pleadings.

was later changed to "Class A" or "Class B." Jones has not set forth the differences among these classifications, but they are not relevant to the court's ruling in this case. Jones has raised this issue on many occasions through the Inmate Legal Assistance Program, as well as in state court. Jones claims that the defendants have placed him in the wrong housing classification – by placing him in the incorrect mental health classification. These allegations do not state a claim under federal law.

### Classification

Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); MISS. CODE ANN. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). The plaintiff has not identified any extreme circumstances warranting court action in this case. As such, the instant case will be dismissed with prejudice for failure to state a constitutional claim. A final judgment consistent with this memorandum opinion shall issue today.[2]

**SO ORDERED,** this the 21st day of April, 2011.

/s/ Sharion Aycock  
**U.S. DISTRICT JUDGE**

---

[2]Given the plaintiff's status as a mentally ill prisoner – and concomitant lack of ill intent in filing the instant case – the court will not count this dismissal as a "strike" under the Prison Litigation Reform Act. Future meritless filings will, however, constitute such "strikes."